### FREDERICK W. ANDREWS vs. PHILO STONE.

In an action for damages for a simple assault and battery, it is not necessary
to charge *in terms* that it was "willful" or "malicious," to entitle the plaintiff to
maintain his action.

In such an action when no *special* damages are laid, the plaintiff is not con-
fined to the recovery of merely *nominal* damages, but may recover such general
damages as he may prove to have resulted from the injury.

This is an action for damages for an assault and battery. The
complaint alleges that on the 4th day of November, 1862, at Wa-
bashaw, "the said defendant with force and arms assaulted this
plaintiff, and with force and violence with his fists, gave and struck
this plaintiff a great many blows and strokes on and about divers
parts of his body, and with great force and violence struck and
pulled about the said plaintiff, and cast and threw the said plain-
tiff down to and upon the ground, and then and there violently
kicked the said plaintiff; by means of which assault, the said
plaintiff was then and there greatly hurt, bruised and wounded,
and became and was sore and lame, and so remained and con-
tinued for a long time following, and underwent great bodily pain
and mental anguish, and demands judgment," &c. The defend-
ant in his answer admits that at the time and place mentioned, he
"assaulted and beat the plaintiff a very little, mostly with the
back of his hand," &c., and denies the consequences of such as-
sault as stated in the complaint, and says "that at the time he com-
mitted said assault, he was laboring under intense excitement,

caused by the insulting, abusive and provoking language used by the plaintiff, for the purpose of enraging him."

The reply was a general denial of the answer.

The cause was tried by a jury and a verdict rendered in favor of plaintiff against the defendant for $125.00, and a judgment entered thereon; and the defendant appeals therefrom.

L. L. CAMPBELL, for Appellant.

The verdict in this case is erroneous, for that it appears from said complaint that the assault complained of was not willful or malicious on the part of the defendant, and therefore, the plaintiff could only recover nominal damages, and not vindictive damages.

No special damages are alleged in the complaint, therefore the amount assessed by the jury could only be nominal.

The complaint does not constitute a cause of action.

WILDER & WILLISTON and J. A. MURDOCK for Respondent.

I.—While it may, perhaps, be claimed that the complaint in this action is not in all its parts framed with perfect artistic skill, we submit it will compare favorably with the majority of pleadings in this State under our code. In any event we insist that it is good upon demurrer, and if so is certainly good after verdict. True it does not allege the assault and beating in terms to have been "unlawfully" done, nor was this necessary unless the position is assumed that the technicality of criminal pleading is required in civil actions, or that no one is answerable in damages for personal injuries by him done to another, however severe they may be, unless the criminal law be thereby violated. We think the counsel for the appellant will hesitate before attempting to urge either of these propositions.

II.—The answer admits the wrong and the injury, and seeks to make no defence whatever except to mitigate the damages, and this only by alleging that the assault and battery was provoked by insulting words. It admits, therefore, the assault and battery

to have been unlawful, and to have been committed in anger.

III.—No special damages were recovered, nor sought to be recovered; the jury gave us damages direct and immediate from the injury complained of, and such damages we were entitled to recover. They were damages only co-extensive with the injuries actually inflicted.

*By the Court*—McMILLAN, J.—This is an action brought to recover damages for an assault and battery. The cause was tried by a jury in the District Court, and a verdict rendered in favor of the plaintiff for one hundred and twenty-five dollars damages.

The first two points made by the appellant are as follows:

1. The verdict in this case is erroneous for that it appears from said complaint that the assault complained of was not willful or malicious on the part of the defendant, and therefore the plaintiff could only recover nominal damages, and not vindictive damagas.

2. No special damages are alleged in the complaint; therefore the amount assessed by the jury could only be nominal.

These two objections may be disposed of together. The complaint charges an assault and battery in the usual form. It is not necessary, in an action for a simple assault and battery, to charge in terms that it was " willful " or " malicious," to entitle the plaintiff to maintain his action. 1 *Ch. R.*, 396 ; *Starkie's Criminal Pl.*, 85.

The plaintiff is not confined to the recovery of merely *nominal* damages on this action, but may recover such *general* damages as he may prove to have resulted from the injury. The paper book contains only the pleadings in the cause ; no part of the evidence or proceedings in the trial are before us, and there is nothing in the amount of the verdict from which we can infer that the jury allowed any other than the general damages proved by the plaintiff. The objections, therefore, cannot be sustained.

The remaining objection stated in the appellant's brief is that " the complaint does not constitute a cause of action."

The appellant has omitted to call our attention in any manner to any ground upon which he rests this objection, and we do not

discover any defect in the complaint of which the appellant can here take advantage.

The judgment of the Court below is affirmed.